**CAROL J. BERNICK, OSB #89409**
carolbernick@dwt.com
**CHRISTOPHER F. MCCRACKEN, OSB #89400**
chrismccracken@dwt.com
**KEVIN H. KONO, OSB #02352**
kevinkono@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Of Attorneys for Defendant U.S. Bank National Association

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **KERI MCELMURRY AND KAREN MRAZEK INDIVIDUALLY, and on Behalf of All Similarly Situated,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**U.S. BANK NATIONAL ASSOCIATION,**<br><br>DEFENDANT. | Case No. 04-CV-00642-HU<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR "FEDERAL TRUNCATION MINIMUM WAGE CLAIM, LIQUIDATED DAMAGES"** |

Defendant U.S. Bank National Association ("U.S. Bank") submits the following Memorandum in support of its Motion to Dismiss Plaintiffs' Third Claim for Relief for "Federal Truncation Minimum Wage Claim, Liquidated Damages."

### I.  INTRODUCTION

Plaintiffs' Third Claim for Relief alleges a "Federal Truncation Minimum Wage Claim"

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.[1] Plaintiffs assert that an alleged policy of "truncating" actual time worked resulted in a violation of the FLSA's minimum wage provision. Plaintiffs' Third Claim for Relief should be dismissed for failure to state a claim, however, because neither the named plaintiffs nor any putative collective action member could conceivably have been paid less than the federal minimum wage.

## II.   ARGUMENT

A complaint should be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must have both a legal and factual basis for a claim. Here, the law and facts are clear: (1) there can be no minimum wage violation unless the average hourly wage based on a *workweek* drops below the applicable minimum wage and (2) no plaintiff or putative collection action member could have been paid less than the federal minimum wage because the applicable state minimum wages at all times far exceeded the federal minimum wage. Accordingly, plaintiffs' Third Claim for Relief for "Federal Truncation Minimum Wage Claim, Liquidated Damages" should be dismissed for failure to state a claim.

**A.   Plaintiffs' Minimum Wage Claim.**

Plaintiffs base their minimum wage claim on an alleged "truncation" policy. Plaintiffs allege that U.S. Bank required its employees to "truncate down the actual time worked [each day] by each hourly employee to the next lowest tenth of an hour." Second Amended Complaint, ¶ 53. According to plaintiffs, this alleged "truncation" policy "result[s] in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour[.]" Second Amended Complaint, ¶ 54. Plaintiffs' Complaint does not clearly identify the theory of plaintiffs' minimum wage claim. Plaintiffs may be alleging that a minimum wage violation occurs anytime the "rounding" on "truncation" takes place because no pay is allocated to the allegedly truncated "lost" time. Alternatively, plaintiffs' theory may be

---

[1] Plaintiffs mistakenly cite 29 U.S.C. § 207, the FLSA overtime provision. Second Amended Complaint, ¶ 56.

that a minimum wage violation occurs when "lost" time results in the employee's effective hourly rate dropping below the minimum wage. For the reasons discussed below, plaintiffs fail to state a claim under either theory.

Plaintiffs further erroneously assert that the FLSA requires U.S. Bank to pay plaintiffs "the greater of the then prevailing Federal or appropriate State minimum wage rate for all time worked[.]" Second Amended Complaint, ¶¶ 56-57. This claim has no legal basis. The FLSA requires employers to pay their employees the specified *federal* minimum wage, which has been $5.15 per hour since September 1, 1997. 29 U.S.C. § 206(1). Although the FLSA contains a "savings clause" that allows states to require a higher minimum wage, 29 U.S.C. § 218, nothing in the FLSA requires compliance with more generous state minimum wage laws. Alleged non-compliance with *state* law cannot constitute a violation of *federal* minimum wage law.

**B.      Plaintiffs' Minimum Wage Claim Fails Because Alleged Minimum Wage Violations Must Be Analyzed Using a Workweek Basis.**

Plaintiffs fail to state a minimum wage claim because they do not and cannot claim that, viewed on a per workweek basis; hourly rates fell below the federal minimum wage. Under the FLSA, employers must pay employees the statutorily specified minimum wage. 29 U.S.C. § 206(a)(1). An employee's effective wage rate for purposes of determining compliance with § 206 is calculated using a workweek rather than an hourly or daily basis. As the Department of Labor Wage and Hour Division Field Operations Handbook states:

> In non-OT [overtime] w/w's [workweeks] or in w/w's in which the OT provisions do not apply, an employee subject to section 6 of FLSA is considered to be paid in compliance if the overall earnings for the w/w equal or exceed the amount due at the applicable MW [minimum wage]. This is true regardless of whether the employee is paid on the basis of a single hourly rate, different hourly rates, commissions, certain bonuses, or some combination of these methods. In other words, if the employee's total earnings for the w/w (including certain bonuses such as a production bonus – see FOH 30b07) divided by compensable hours equals or exceeds the applicable MW, the employee has been paid in compliance with Sec 6 [of the FLSA].

Dep't of Labor Field Operations Handbook, Sec. 30b02 (attached as Exhibit 1 to the Declaration

of Kevin H. Kono ("Kono Decl.")). In short, an employee's effective rate of pay is calculated by dividing the total pay for a workweek by the total hours worked. If the resulting hourly rate of pay equals or exceeds the federal minimum wage, the employer has satisfied 29 U.S.C. § 206, and there can be no FLSA violation.

Courts uniformly embrace the Department of Labor's construction. In the seminal case, U.S. v. Klinghoffer Bros. Realty Corp., the Second Circuit analyzed whether the "average weekly wage received by the employee met the requirements of § 206(a)." 285 F.2d 487, 490 (2d Cir. 1960). The Klinghoffer court concluded that an employer complies with § 206 if the total wage divided by the total hours worked in a week exceeds the minimum wage. Id. "The Congressional purpose underlying that section was to guarantee a minimum livelihood to the employees covered by the Act. . . . [T]he congressional purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." Id. Several other circuits have similarly rejected hour-based or day-based minimum wage claims. See Adair v. City of Kirkland, 185 F.3d 1055, 1063 (9th Cir. 1999) ("The district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total time worked, still paid them above the minimum wage."); Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986) (no violation of § 206 occurs if wages for all workweeks exceed the minimum wage); Dove v. Coupe, 759 F.2d 167, 172 (D.C. Cir. 1985) (finding error "in employing a period shorter than the workweek to measure compliance with minimum wage law"); Blankenship v. Thurston Motor Lines, Inc., 415 F.2d 1193, 1198 (4th Cir. 1969) (stating that Klinghoffer "contains a correct statement of the law" and finding no minimum wage violation where actual compensation far exceeds the product of the hours claimed to have been worked and the minimum wage). The law is unequivocal: for plaintiffs to state a minimum wage claim under the FLSA, they must allege that on a workweek

basis U.S. Bank paid them less than the federal minimum wage. Plaintiffs have not made this allegation. As a factual matter and as a matter of arithmetic, plaintiffs cannot make this allegation in good faith.

C.     **The Workweek Basis Applies to Claims of Non-Payment for Time Worked.**

Even if plaintiffs were not paid anything for time worked but allegedly "lost" due to purported "truncation" of time, as they erroneously claim, plaintiffs cannot state a minimum wage claim under the FLSA. Once again, the Department of Labor Field Operations Manual addresses this very issue.

> These principles [setting the workweek as the basis for minimum wage calculations] will also apply where an employee is not compensated for time which is compensable under FLSA. For example, *if an employee subject to the $3.35 MW during a w/w is paid for 32 hours at $5.50 per hour and is paid at a lesser rate or nothing at all for 8 or fewer additional hours worked, this individual is considered to have been paid in compliance with Sec. 6.*

Dep't of Labor Field Operations Handbook, Sec. 30b02 (emphasis added) (Kono Decl., Ex. 1); *see also* 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the act."). At least one court has expressly relied on this Handbook provision in rejecting a claim that unpaid time gives rise to a minimum wage claim. *See* <u>Hutson v. Rent-A-Center, Inc.</u>, 209 F.Supp.2d 1353, 1359 (M.D. Ga. 2001) (rejecting claim that an alleged failure to pay anything for time worked gives rise to an FLSA minimum wage violation because the plaintiff produced no "evidence showing that his total earnings are less than what he would have received if he had been paid the minimum wage for every hour worked"). Similarly, the Second Circuit in <u>Klinghoffer</u> rejected the claim that a minimum wage violation occurred based on the contention that employees were paid $0.00 per hour for certain time worked, because the average hourly rate for the workweek exceeded the minimum wage. <u>Klinghoffer</u>, 285 F.2d at 490; *see also* <u>Cuevas v. Monroe St. City Club, Inc.</u>, 752 F.Supp. 1405, 1417 (N.D. Ill. 1990) (As a matter of law, "off the clock" work "does not violate Section 206(a) as long as employees are receiving

the minimum wage within their weekly pay period"). To the extent plaintiffs assert an FLSA minimum wage violation based on the allegation that they were paid nothing for allegedly "truncated" time, the standard remains unaffected: To state a claim, plaintiffs must allege that their average hourly wage in a workweek fell below the minimum wage. Plaintiffs' Second Amended Complaint contains no such allegation because plaintiffs cannot in good faith make such a claim. As discussed below, there exists no circumstance under which plaintiffs' average hourly wage on a workweek basis *ever* fell below the federal minimum wage.

D.   **Plaintiffs' Third Claim for Relief Should Be Dismissed Because Plaintiffs Do Not and Cannot Claim That They Were Paid Less Than The Applicable Federal Minimum Wage.**

Plaintiffs' Third Claim for Relief fails to state a claim as a matter of law because there exists no scenario, and certainly no allegation, under which either named plaintiffs or any putative collective action member's average hourly rate of pay in any workweek could have fallen below the applicable federal minimum wage. Plaintiffs seek to represent a collective action consisting of former and current U.S. Bank employees in Oregon, Washington, and California. At all relevant times, the minimum wage in those three states far exceeded the federal minimum wage. Accordingly, under plaintiffs' "truncation" theory and the required workweek basis for calculating the effective rate of pay, plaintiffs cannot state a federal minimum wage claim.

Plaintiffs' claim applies to work performed in the three years preceding filing of the original complaint in this case, or May 11, 2004. Second Amended Complaint, ¶ 27. The federal minimum wage under the FLSA has at all relevant times been $5.15 per hour. 29 U.S.C. §206(a)(1). Between May 11, 2001 and December 31, 2002, the Oregon minimum wage was $6.50 per hour. ORS 653.025(1)(c). Between January 1, 2003 and December 31, 2003, the Oregon minimum wage was $6.90 per hour, and was adjusted upward for inflation in 2004. ORS 653.025(1)(d)-(e). The Washington minimum wage has at all times since January 1, 2001 been at least $6.50 per hour, adjusted upward for inflation. RCW 49.46.020(4)(b). The

California minimum wage was from May 11, 2001 to December 31, 2001 $6.25 per hour and increased to $6.75 per hour effective January 1, 2002. Cal. Labor Code § 1182.11; Cal. Code Regs. Tit. 8, § 11000.

Plaintiffs do not allege an FLSA minimum wage violation because they do not and cannot claim that their hourly rates or the hourly rate of any putative collective action member, on the required workweek basis, *ever* fell below the federal minimum wage. Accepting plaintiffs' truncation theory as true, the maximum amount of time an employee could lose to rounding is 35 minutes in any workweek.[2] As a matter of basic arithmetic it is almost impossible for an employee's effective hourly rate to drop below the federal minimum wage. Assume that an employee records and was paid for 20 hours in a week at the *lowest* state minimum wage possible in this case, California's 2001 hourly wage rate of $6.25. Assume further that the employee suffered the *maximum* weekly loss available under plaintiffs' theory, 35 minutes, *i.e.*, the employee actually worked 20 hours, 35 minutes. That employee still received an effective hourly wage of $6.07, well in excess of the federal minimum wage.[3]

Plaintiffs' Second Amended Complaint contains no allegations of the scenarios necessary to state a federal minimum wage violation claim because no such claim exists. Ms. McElmurry and Ms. Mrazek have not alleged that they fit this scenario and, as a factual matter, will be hard pressed to allege such fact in good faith. Plaintiffs cannot rely on unstated improbabilities unsupported by any underlying factual or legal basis, especially when Ms. McElmurry and Ms.

---

[2] Plaintiffs base their claim on alleged "truncation" of time to the nearest 1/10 of an hour, or six-minute increment. U.S. Bank unequivocally denies that any such "truncation" occurred. Under plaintiffs' theory, however, an employee who worked 8 hours and 11 minutes, for example, would round down to the nearest 1/10 of an hour, or 8 hours and 6 minutes, thus "losing" five minutes. If the employee worked one more minute, or 8 hours and 12 minutes, the nearest 1/10 of an hour would be 8 hours and 12 minutes, resulting in no "lost" time even under plaintiffs' theory. Thus, the maximum "lost" time under plaintiffs' theory is five minutes per day, or 35 minutes in a seven day work week.

[3] Effective wage = Actual total wages received ÷ actual hours = [recorded hours x stated wage rate] ÷ actual hours = [20 hours x $6.25] ÷ 20.58 hours = $6.07 an hour.

Mrazek seek to represent others in an FLSA collective action. Plaintiffs' Third Claim for Relief should be dismissed for failure to state a claim.

### III.   CONCLUSION

For the foregoing reasons, plaintiffs' Third Claim for Relief asserting a "Federal Truncation Minimum Wage Claim, Liquidated Damages" should be dismissed for failure to state a claim.

DATED this 14th day of June, 2005.

                            **DAVIS WRIGHT TREMAINE LLP**

                            By      /s/ Carol J. Bernick
                                 **CAROL J. BERNICK, OSB #89409**
                                 **CHRISTOPHER F. MCCRACKEN, OSB #89400**
                                 **KEVIN H. KONO, OSB #02352**
                                 (503) 241-2300
                                 Of Attorneys for Defendant U.S. Bank National Association

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR MINIMUM WAGES** on:

> A.E. Bailey - E-Mail: BBailey@Wagelawyer.com
> David Schuck - E-Mail: DSchuck@Wagelawyer.com
> J. Dana Pinney - E-Mail: JDPinney@Wagelawyer.com
> Bailey Pinney & Associates LLC
> 915 Broadway, Suite 400
> Vancouver, WA 98660
> Telephone 360-567-2551
> Facsimile 360-567-3331
>     Of Attorneys for Plaintiffs

[x] by causing a copy to be electronically mailed to said attorneys at their last-known e-mail address by way of the US District Court's ECF system on the date set forth below.

[ ] by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorneys' last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

[ ] by causing a copy thereof to be hand-delivered to said attorneys' address as shown above on the date set forth below;

[ ] by personally handing a copy thereof to said attorneys on the date set forth below;

[ ] by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorneys' last-known address on the date set forth below; or

[ ] by faxing a copy thereof to said attorneys at their last-known facsimile number on the date set forth below.

Dated this 14th day of June, 2005.

>           DAVIS WRIGHT TREMAINE LLP
>
>           By      /s/ Carol J. Bernick
>           **CAROL J. BERNICK, OSB #89409**
>           **CHRISTOPHER F. MCCRACKEN, OSB #89400**
>           **KEVIN H. KONO, OSB #02352**
>            (503) 241-2300
>           Of Attorneys for Defendant U.S. Bank National Association