1

2

3

4

5

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10              FOR THE DISTRICT OF OREGON

11  KERI MCELMURRY AND KAREN      )
    MRAZEK INDIVIDUALLY, and on   )
12  Behalf of All Similarly       )
    Situated                      )    No.  CV-04-642-HU
13                                )
                 Plaintiffs,      )
14                                )
         v.                       )
15                                )    ORDER
    US BANK NATIONAL ASSOCIATION, )
16                                )
                 Defendant.       )
17  _____)

18

    J. Dana Pinney
19  A.E. Bud Bailey
    David Schuck
20  Jose Mata
    BAILEY, PINNEY & ASSOCIATES, LLC
21  916 Broadway, Suite 400
    Vancouver, Washington 98660
22
         Attorneys for Plaintiffs
23
    Carol J. Bernick
24  Christopher F. McCracken
    Kevin H. Kono
25  DAVIS WRIGHT TREMAINE, LLP
    1300 S.W. Fifth Avenue, Suite 2300
26  Portland, Oregon 97201

27       Attorneys for Defendant

28  / / /

    1 - ORDER

HUBEL, Magistrate Judge:

Plaintiffs Keri McElmurry and Karen Mrazek bring this Fair Labor Standards Act (FLSA) action on behalf of all similarly situated plaintiffs and against defendant US Bank National Association. On December 1, 2005, I entered an Order denying plaintiffs' motion to conditionally certify their claims related to Sales and Service Managers (SSMs) as a collective action and to provide notice, with leave to renew the motion after obtaining additional discovery. The additional discovery at issue is defendant's response to plaintiffs' Interrogatories 10 and 11 seeking the names, addresses, phone numbers, and termination dates of all SSMs in Oregon and Washington terminated within the preceding three years, and the business location where the SSM had been employed.

Following my December 1, 2005 Order, I expected the parties to meet and confer regarding the production of the responses to the interrogatories and any follow-up discovery to be conducted as a result of the production. On December 16, 2005, I held a brief telephone hearing with counsel on the issue. At that time, I ordered that defendant produce the interrogatory responses by January 6, 2006, and that additional follow-up discovery conclude by March 10, 2006, with a renewed certification motion, if any is to be filed, due no later than March 24, 2006. The parties raised issues regarding exactly how plaintiffs' counsel was to contact the identified SSMs and what contacts defense counsel would be able to initiate with the former SSMs. No resolutions were achieved, but concerns were expressed. I urged the parties to work on the issues themselves but invited them to contact the Court if they could not

2 - ORDER

reach agreement.

As a result of the request of counsel, I held another hearing on these issues on January 12, 2006. At that time, defendant had produced its responses to Interrogatories #10 and 11 only in camera to the Court because it could not obtain plaintiffs' counsel's assurance that plaintiffs' counsel would not initiate contact with the SSMs until the Court could address and rule on defendant's concerns about such contact. Defendant expressed concern that any mailing by plaintiffs' counsel to the SSMs would amount to a de facto notice, when plaintiffs' notice motion had in fact been denied. Defendant proposed that each party pick five names from the list produced and that joint depositions of the ten chosen SSMs take place. Plaintiffs oppose this. Additionally, both counsel have raised ethical concerns regarding each side's contact with the SSMs who are putative collective action members and thus putative clients of plaintiffs' counsel.

The January 12, 2006 hearing gave the parties the opportunity to raise and discuss their differences regarding this additional discovery allowed in the December 1, 2005 Order. The continuing disputes and issues in this regard have caused the Court to reconsider its conclusion in the December 1, 2005 Order. As noted in that Order:

> The case history indicates that the case posture is much closer to the second stage inquiry than the first initial stage inquiry. While I could resolve the motion under the first initial stage inquiry and allow the outstanding discovery to proceed, I would only be inviting a decertification motion by defendant once it had produced that discovery, requiring that the similarly situated issue be analyzed a second time. Allowing the discovery now, and conducting the similarly situated analysis only once, is more efficient and makes better use of judicial resources.

3 - ORDER

Dec. 1, 2005 Order at p. 20. As indicated there, I based my conclusion in the December 1, 2005 Order at least in part on the idea that it would be more judicially efficient to allow the discovery to occur and then reconsider plaintiffs' renewed motion, rather than conditionally or provisionally certify the SSM claims and then entertain a motion to decertify at a later date. However, the fact that the parties have been unable to reach agreement on the method for obtaining the follow-up discovery necessitated by the production of the SSM names has caused me to reconsider my conclusion and examine the possibility that it may be more efficient to conditionally certify the motion and allow notice to be sent more formally and under the auspices of the Court.

However, before making a final determination as to whether to change my December 1, 2005 ruling, and as explained at the January 12, 2005 hearing, I order the parties to evaluate and present their positions to one another regarding how contact with the SSMs is to be made (e.g. by plaintiff's counsel, by defense counsel, by both counsel, etc.), under either scenario, that is, under a conditional certification of a collective action, or under the present circumstances as discovery potentially leading to a renewed motion to certify. It is clear to the Court that contact one way or the other is required to allow plaintiffs to present their best case for collective action certification and to allow defendant to present its best case in opposition to such certification. This discussion among counsel must be in person or in conversation over the telephone. Email and letter exchanges alone are not sufficient.

I further order that the parties, after their initial meet and

4 - ORDER

confer outlined in the previous paragraph, appear in person on February 2, 2006, at 9:00 a.m., in the jury room of Courtroom 9B for continued face to face conferral regarding these issues. The parties should plan to attend until 12:00 p.m. (if the parties believe that additional time is needed, they should notify the courtroom deputy as soon as possible). Upon request of the parties, I will arrange for a Judge of this Court, other than the Judge(s) assigned to the case, to assist the parties in reaching resolution on these discovery issues, if necessary. I will also be available at that time to address any issues more appropriately decided by me as the Judge assigned to the case.

Finally, I order defendant to produce the responses to Interrogatories #10 and 11 to plaintiff no later than January 13, 2006. However, neither plaintiffs nor defendant may contact any of the persons identified in the response until a plan for the follow-up discovery is agreed to by the parties or ordered by the Court, following the February 2, 2006 meeting.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5 - ORDER

CONCLUSION

2      The parties are ordered to meet and confer regarding follow-up

3 discovery allowed by the December 1, 2005 Order.  The parties are

4 to appear in the jury room of Courtroom 9B at 9:00 a.m., February

5 2, 2006, for an additional in-person meet and confer session.

6 Defendant is to produce the responses to Interrogatories #10 and 11

7 to plaintiff no later than January 13, 2006, but no contact with

8 any of the persons identified in the responses is to occur until a

9 plan for the follow-up discovery is in place, following the

10 February 2, 2006 meeting.

11      IT IS SO ORDERED.

12                Dated this  12th  day of  January    , 2006.

13

14                               /s/ Dennis James Hubel
                                 Dennis James Hubel
15                               United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

6 - ORDER