UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI MCELMURRY and KAREN
MRAZEK individually, and on behalf of
All Similarly Situated,

       Plaintiffs,

       v.

US BANK NATIONAL ASSOCIATION,

       Defendant.

Civil No. 04-642-HU

ORDER

HAGGERTY, Chief Judge:

    In an Order dated March 3, 2006 [274] (hereinafter referred to as "March 3rd Order"), Magistrate Judge Hubel granted in part defendant's Motion to Limit Use of Improperly Obtained Evidence and for Sanctions [264].

1 - ORDER

Within ten days of being served with a copy of a Magistrate Judge's order, any party may file written objections. Fed. R. Civ. P. 72(a). When a party objects to any portion of a Magistrate Judge's order that concerns nondispositive matters, the district court must modify or set aside any portion of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. of Civ. P. 72(a).

Plaintiffs filed timely objections to the March 3rd Order. The March 3rd Order was referred to this court on March 21, 2006, and plaintiffs were allowed to file a reply brief in support of their objections.

The court has carefully evaluated the Magistrate Judge's Order, the objections, and the entire record. For the reasons below, the court sustains plaintiffs' objection.

## ANALYSIS

The Magistrate Judge's presentation of the facts and issues in this matter is comprehensive and the relevant facts need be recited only briefly. Plaintiffs Keri McElmurry and Karen Mrazek bring this Fair Labor Standards Action suit on behalf of all similarly situated plaintiffs and against US Bank National Association. The parties participated in a mediation to resolve discovery disputes relating to claims involving Sales and Service Managers (SSM), and reached an agreement after significant negotiations.

On February 2, 2006, the Magistrate Judge issued an Order that set forth a discovery plan to govern discovery on the SSM Claims (Discovery Order). The Discovery Order provides that "[n]either plaintiffs nor defendant will knowingly contact a current SSM regarding this [federal] case at this time." Discovery Order at ¶ 5.

On February 3 and February 20, 2006, plaintiffs mailed cover letters and questionnaires to current and former US Bank employees, possibly including SSMs. On February 27, 2006, defendant filed a Motion to Limit Use of Improperly Obtained Evidence and Sanctions against the mailings, asserting that plaintiffs violated the Discovery Order. As sanctions for the alleged violations, defendant requested: (1) disclosure of any questionnaires obtained from current employees who were employed as an SSM at any time; (2) an order deeming such evidence inadmissible; (3) identification of all persons to whom the mailings were sent; (4) a bar from any future mailings to current employees; and (5) an award of attorney fees.

After a hearing on the matter, the Magistrate Judge issued the March 3rd Order. This Order states:

> I accept plaintiffs representation that the February 3, 2006 and February 26, 2006 mailings were sent in connection with the state court cases, not as part of this case. I do not intend for any orders entered in this case to control the appropriate discovery taking place in either of the state court cases. Nonetheless, the parties in this case voluntarily agreed to prohibit contact of current SSMs with no provisions for doing so in the state court cases, and plaintiffs' mailings, as explained above, violated that agreement and the February 2, 2006 Order [Discovery Order] entered based on that agreement.

March 3rd Order at 6-7.

The March 3rd Order required an *in camera* review of all questionnaires in which the recipient was identified as a current or former SSM for purposes of assessing the harm and determining whether the questionnaires should be disclosed to defendant. March 3rd Order at 9-10. A ruling on admissibility was reserved until after the *in camera* review. *Id*. at 11. The March 3rd Order did not bar future mailings to current employees, but established parameters for such mailings. The request for attorney fees was denied. *Id*.

3 - ORDER

The finding by the Magistrate Judge that the mailings were sent in connection with the state court cases and not the federal case, against which no objections were asserted, is not clearly erroneous or contrary to law.  Accordingly, this court accepts that the mailings were sent in connection with the state cases.  As the Magistrate Judge noted, orders in this case may not control discovery taking place in the state court cases.

Plaintiffs object to the finding in the March 3rd Order that the stipulation of the parties and subsequent Discovery Order did not provide for contact with current SSMs in connection with the state cases.  Plaintiffs also object to the Magistrate Judge's conclusion, based on that finding, that the mailings should be construed as violating the Discovery Order.  Plaintiffs' objections to both of these findings are well-taken.

The stipulation of the parties and the express provision of the Discovery Order provides that neither party can "knowingly contact a current SSM *regarding this case*."  Discovery Order at ¶ 5 (emphasis added).  The term "this case" must refer to this federal action.  This court follows the plain language of the Discovery Order and interprets it as prohibiting contact of current SSMs in the federal case only.  To interpret the language as also prohibiting the parties from making contact in the state cases would render the words "regarding this case" superfluous.

The mailings at issue pertained to the state court cases.  The Discovery Order does not bar contact with current SSMs in connection with the state court cases.  Accordingly, this court is constrained to conclude that the mailings did not violate the Discovery Order.  The finding in the March 3rd Order that the mailings violated the Discovery Order is clearly erroneous and this court is compelled to sustain plaintiffs' objection.

4 - ORDER

Plaintiffs' other objections are rendered moot by this court's acceptance of the Magistrate Judge's finding that the mailings pertained to the state court cases, and my determination that, as a result, the mailings were not prohibited by the Discovery Order.

## **CONCLUSION**

For the foregoing reasons, petitioner's objections are SUSTAINED IN PART, and DENIED IN PART AS MOOT.  Defendant's Motion to Limit Use of Improperly Obtained Evidence and for Sanctions [264] is DENIED.

IT IS SO ORDERED.

Dated this   25   day of April, 2006.

    /s/Ancer L. Haggerty
ANCER L. HAGGERTY
United States District Judge

5 - ORDER