UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KERI MCELMURRY and KAREN MRAZEK, individually, and on behalf of all similarly situated, | |
| Plaintiffs, | Civil No. 04-642-HA |
| v. | OPINION AND ORDER |
| U.S. BANK NATIONAL ASSOCIATION, dba U.S. Bank, | |
| Defendants. | |

HAGGERTY, Chief Judge:

    Before the court are several post-trial matters: (1) plaintiffs' motion for attorney fees [470]; (2) plaintiffs' bill of costs [468]; and (3) plaintiffs' supplemental motion for attorney fees [488]. Defendant has raised numerous objections. After considering the arguments before the court, plaintiffs are awarded $255,152.51 in attorney fees and $869.50 in costs.

1 - OPINION AND ORDER

**I.     BACKGROUND**

This wage and hour case was filed on May 11, 2004 and was tried before the court on January 23–24, 2008. The operative complaint at the time of trial contains the same four claims for relief originally asserted: (1) a Fair Labor Standards Act (FLSA), 19 U.S.C. § 207, claim for unpaid overtime; (2) an FLSA overtime claim based on allegations of truncation of time paid due to rounding; (3) an FLSA minimum wage claim, also based on rounding; and (4) a state law claim under ORS 652.140 for failure to pay plaintiffs' wages on the date their employment was terminated. Plaintiffs Keri McElmurry and Karen Mrazek asserted those claims on their own behalf, and also as part of a putative collective action.

Pre-trial proceedings were held before a magistrate judge, subject to review by this court under 28 U.S.C. § 636. On five occasions, decisions by the magistrate were referred to this court. The decisions at issue involved denying the case collective action status several times, and granting in part and denying in part summary judgment. Claim three was dismissed in October 2005. Partial summary judgment was granted to McElmurry on her status as non-exempt. Claim two was withdrawn by plaintiffs on the eve of trial. The court found in favor of plaintiffs on claim one and partially on claim four. Plaintiffs are entitled to attorney fees under both state and federal law.

Plaintiffs seek a total attorney fee award of $439,847.47, which consists of $293,231.65 in fees and a 1.5 multiplier. They also seek costs of $7,242.66 and supplemental attorney fees of $53,569.50 for post-trial work. Defendant objects, and rallies a phalanx of arguments to counter almost every aspect of plaintiffs' attorney fee and cost bills. The amount proposed by defendant as a reasonable for this case is $20,145.65 in attorney fees and $869.50 in costs.

## II.   ATTORNEY FEES

There is no dispute that plaintiffs are entitled to attorney fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); O.R.S. § 652.200.  What remains for the court to determine is the amount.

Attorney fees are calculated using the lodestar method. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).  "The lodestar method multiplies the number of hours 'the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir.1995)).  Once the lodestar amount has been calculated, the court assesses "whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors." *Id.*  The factors to be considered are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citation omitted).  The Ninth Circuit has cautioned that "only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.* (citations omitted).  The court has an independent duty to review the petition for reasonableness, regardless of whether objections are raised. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

3 -  OPINION AND ORDER

     **A.**     **Lodestar Calculation**

         **1.**     **Number of Hours**

Defendant argues that plaintiffs (1) seek payment for unsuccessful class certification work; (2) seek payment for duplicate work; and (3) seek payment of fees for the rounding claim, which they lost. Defendant also raises objections to billing for a related state court case, for clerical work, block billing, and for vague billing entries. Plaintiffs assert that they have reviewed and reduced their hours billed to account for the unsuccessful collective actions.

There is a two step process applied to evaluate a plaintiff's success in the context of a motion for attorney fees. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (discussing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). First, the court must determine if the claims that failed were "entirely distinct and separate" from those on which they prevailed. *Id.* "[R]elated claims involve a common core of facts *or* are based on related legal theories. . . . In short, claims may be related if either the facts or the legal theories are the same." *Id.* (emphasis in original). Second, the court must examine the level of success achieved by the plaintiff. *Id.* For example, when multiple defendants are sued, and a result is reached against only one, a reduction in the hours is appropriate. *Id.* at 1169.

The court agrees with plaintiffs' method of discounting time related to the collective action. Time spent on the collective action dovetailed closely with the issues pertinent to the cases of McElmurry and Mrazek, and thus was at least in part compensable. Further, the court finds that the failed claims shared a factual nexus with the successful claims, and thus they are properly included in the reasonable number of hours credited to plaintiffs' counsel. On the other hand, the court agrees with some of defendant's critiques of the billing for clerical work, the

dismissed state court action, and vague and block-billed entries. The court has examined the billing records and reduced the hours claimed, as summarized after the next section, to account for these deficiencies.[1]

### 2. Reasonable Rate

The reasonable rate for legal services is to "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Here, a total of fifteen different attorneys billed time working on the case. The hourly rates sought for each of those attorneys are summarized below:[2]

| Name | Admit | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 |
|---|---|---|---|---|---|---|---|
| Bailey | 1987 | $300 | $300 | $350 | $450 | $495 | $495 |
| Brown | 2001 | | | $175 | $175 $250 $275 | $275 | $275 |
| Chase | 2004 | | | | $190 | $190 | |
| Cooper | 2004 | | | $175 | $175 | | |
| Egan | 2000 | | | $250 | | | |
| Eliot | 2003 | | | | $185 | | |
| Farnham | 2005 | | | | $185 | $185 | |
| Jeffers | 2006 | | | | | $185 | |
| Koch | 1987 | | | $350 | $350 | $350 | $350 |

---

[1] The court notes that plaintiffs claim that Sara Eliot was an associate at BPA from November 2007 to January 2008. Pinney Decl. ¶ 23. However, the hours claimed for her, a total of 3.34 hours, were all billed in March 2006. Pinney Decl. Ex. E. Because those hours were allegedly billed during a time prior to the biller's employment with BPA, they are disallowed.

[2] Plaintiffs did not provide graduation dates for attorneys Egan and Young. Absent that information, the court has used their date of Oregon admission to calculate the appropriate rates.

5 - OPINION AND ORDER

| Mata | 1978 | | | $250 | $250 $295 | | |
| Moore | 2003 | | $140 | $155 $175 | $175 $205 $300 | $250 | $250 |
| Pinney | 1975 | $250 $300 | $300 | $300 $350 | $350 $450 $495 | $495 | $495 |
| Schuck | 1999 | $145 $170 | $170 | $170 $200 $225 $250 | $250 $295 $300 $325 | $325 | $325 |
| Sjostrom | 2004 | | $80 | $80 $155 $185 | $185 $250 | | |
| Young | 2004 | | | $265 | | | |

Defendant objects to some of the hourly rates claimed, relying on the Oregon State Bar's 2007 Economic Survey ("Survey") as a basis for comparison. The Survey is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates. The pertinent hourly wage data for attorneys based on years of practice are summarized below:

| Years | Average | 25th Percentile | 75th Percentile | 95th Percentile |
|---|---|---|---|---|
| 0-3 | $177 | $162 | $190 | $216 |
| 4-6 | $188 | $170 | $210 | $240 |
| 7-9 | $239 | $200 | $275 | $360 |
| 16-20 | $267 | $200 | $325 | $387 |
| 21-30 | $277 | $225 | $325 | $399 |

Defendants specifically single out the $495 rate charged by Mr. Bailey and Mr. Pinney as

6 -   OPINION AND ORDER

far above even the 95th percentile.  They also object to the rates charged by Mr. Schuck as too high relative to his experience level.  Plaintiffs argue that they are specialists in the field of wage and hour litigation and that experience commands a premium.  They also argue that defendant's lead counsel charge $350 per hour, placing them at the higher end of the Survey range for their years of experience.  The court finds that there is inadequate justification for some of plaintiffs' claimed billing rates, particularly at the high end for senior attorneys, and also for a number of the junior attorneys, whose claim to expertise in a particular field in the first few years of practice is dubious.  Accordingly, the court has reduced the hourly rate for all attorneys with three or fewer years of practice to the Survey average of $177 per hour.  Experienced senior attorneys who are specialists in wage and hour law will receive an hourly rate at the 75th percentile rate for their level of experience, as set out below.  In all instances, if the billed rate was lower than the benchmark selected by the court for that period, plaintiff is awarded the billed rate, rather than the benchmark.  Accordingly the court finds the reasonable rates as summarized below:[3]

| Name   | Admit | 2003  | 2004  | 2005  | 2006           | 2007  | 2008  |
|--------|-------|-------|-------|-------|----------------|-------|-------|
| Bailey | 1987  | $300  | $300  | $325  | $325           | $325  | $325  |
| Brown  | 2001  |       |       | $175  | $175 $210      | $210  | $275  |
| Chase  | 2004  |       |       |       | $177           | $177  |       |
| Cooper | 2004  |       |       | $177  | $177           |       |       |
| Egan   | 2000  |       |       | $210  |                |       |       |

---

[3] Multiple rates for a particular attorney during one calendar year reflect the fact that the billed rates for some attorneys changed one or more times during the course of the year.

7 -   OPINION AND ORDER

| Eliot | 2003 | | | | $177 | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Farnham | 2005 | | | | $177 | $177 | |
| Jeffers | 2006 | | | | | $177 | |
| Koch | 1987 | | | $325 | $325 | $325 | $325 |
| Mata | 1978 | | | $250 | $250 $295 | | |
| Moore | 2003 | | $140 | $155 $175 | $175 | $210 | $210 |
| Pinney | 1975 | $250 $300 | $300 | $300 $325 | $325 | $325 | $325 |
| Schuck | 1999 | $145 $170 | $170 | $170 $200 $210 | $250 $275 | $275 | $275 |
| Sjostrom | 2004 | | $80 | $80 $155 $177 | $177 | | |
| Young | 2004 | | | $177 | | | |

The court's lodestar calculations are summarized below. For each attorney and rate, the court has calculated the number of hours claimed by plaintiffs. Those values have been reduced in some instances based on the court's review of the billing records. The final number of hours at each rate were multiplied by the allowed hourly rate to reach a total. Plaintiffs also seek fees for a "data team" of attorneys billing at rates under $100 per hour. It is unclear to the court that many of the tasks assigned to this group are appropriately billed as attorney fees. Descriptions in the billing entries suggest that the work done was largely clerical, and as such the "data team" hours are not properly considered attorney fees.

| Name | Rate | Hours | | Total |
| --- | --- | --- | --- | --- |
| | | Claimed | Allowed | |

8 - OPINION AND ORDER

| Bailey | $300 | 10.29 | 7.41 | $2,223.00 |
|---|---|---|---|---|
|  | $325 | 49.83 | 47.53 | $15,447.25 |
| Brown | $175 | 75.08 | 72.04 | $12,607.00 |
|  | $210 | 81.88 | 76.63 | $16,092.30 |
|  | $275 | 6.40 | 6.40 | $1,760.00 |
| Chase | $177 | 36.69 | 36.69 | $6,494.13 |
| Cooper | $177 | 41.45 | 38.13 | $6,749.01 |
| Egan | $210 | 10.75 | 10.75 | $2,257.50 |
| Eliot | $177 | 3.34 | 0 | $0.00 |
| Farnham | $177 | 14.54 | 14.54 | $2,573.58 |
| Jeffers | $177 | 6.56 | 6.56 | $1,161.12 |
| Koch | $325 | 30.01 | 25.31 | $8,225.75 |
| Mata | $250 | 118.61 | 84.98 | $21,245.00 |
|  | $295 | 35.71 | 35.71 | $10,534.45 |
| Moore | $140 | 0.3 | 0.0 | $0.00 |
|  | $155 | 0.12 | 0.12 | $18.60 |
|  | $175 | 19.60 | 15.3 | $2,677.50 |
|  | $210 | 145.03 | 130.33 | $27,369.30 |
| Pinney | $250 | 5.04 | 3.9 | $975.00 |
|  | $300 | 10.25 | 8.33 | $2499.00 |
|  | $325 | 69.02 | 67.5 | $21,937.50 |
| Schuck | $145 | 8.54 | 5.5 | $797.50 |
|  | $170 | 34.90 | 24.71 | $4,200.70 |
|  | $200 | 4.86 | 4.86 | $972.00 |
|  | $210 | 26.53 | 26.53 | $5,571.30 |
|  | $250 | 6.02 | 5.27 | $1,317.50 |

9 -   OPINION AND ORDER

|          | $275 | 155.64 | 155.14 | $42,663.50 |
|----------|------|--------|--------|------------|
| Sjostrom | $80  | 8.35   | 4.54   | $363.20    |
|          | $155 | 1.23   | 1.23   | $190.65    |
|          | $177 | 11.31  | 9.54   | $1,688.58  |
| Young    | $177 | 58.06  | 36.67  | $6,490.59  |
|          |      |        | TOTAL  | $227,102.51 |

The court has also considered the factors pertinent to the lodestar multiplier analysis and deems that no multiplier is justified.

### B.     Supplemental Attorney Fees

Plaintiffs move for supplemental attorney fees of $53,569.50 to pay for the time spent: (1) preparing the fee petition; (2) opposing defendant's post-trial motion; and (3) replying to defendant's opposition to the fee petition. The court has reviewed the supplemental petition and applied the same limiting principles and billing rates discussed above. Accordingly, the court finds that plaintiff is entitled to $11,801.00 for preparing the fee petition, $8590.00 for the opposition to defendant's post-trial motion, and $7659.00 for replying to defendant's opposition to the fee petition. The total supplemental attorney fees are $28,050.00.

## III.    COSTS

Plaintiffs seek a total of $7,242,66 in costs. Defendant objects to those costs that relate to transcripts not used at trial, to the prevailing party fee under O.R.S. § 20.190(2)(a)(B) and to the request for pre-judgment interest on the awards to McElmurry and Mrazek. The court agrees that the unused transcripts are not properly deemed costs, and that the state court prevailing party fee is not properly awarded. Accordingly, the court finds that plaintiffs are entitled to costs in the amount of $869.50.

10-   OPINION AND ORDER

Both McElmurry and Mrazek were awarded liquidated damages on their claims. Those liquidated damages are sufficient compensation for the loss they suffered as a consequence of the untimely overtime payment. An award of prejudgment interest on top of the liquidated damages award would be duplicative and not consistent with the purpose of liquidated damages awards in FLSA cases. *See Ford v. Alfaro*, 785 F.2d 835, 843 (9th Cir. 1986) ("It is well established in other circuits that, in the absence of a liquidated damage award, pre-judgment interest is necessary to fully compensate employees for the losses they have suffered.").

## IV.    CONCLUSION

For the foregoing reason, plaintiffs' motions for attorney fees [470, 488] and costs [468] are granted and plaintiff is awarded $255,152.51 in attorney fees and $869.50 in costs. No pre-judgment interest is awarded.

IT IS SO ORDERED.

DATED this   30   day of April, 2008.

    /s/ Ancer L. Haggerty  
Ancer L. Haggerty  
United States District Judge

11-   OPINION AND ORDER